UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JESUS ISRAEL AGUINAGA TRUJILLO,**

    *Petitioner*,

v.                                            Case No. 5:25-CV-1266-JKP

**KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, et al.,**

    *Respondents*.

## ORDER DENYING HEARING

Before the Court is Petitioner's Motion for Hearing on Application for Temporary Restraining Order (ECF No. 2). Pursuant to Fed. R. Civ. P. 65(b)(3) and "Local Civil Rule 78.1," Petitioner requests that the Court set the application for temporary restraining order ("TRO") for oral argument at the earliest practical time.

The Federal Rules of Civil Procedure specifically govern preliminary injunctions and temporary restraining orders. *See* Fed. R. Civ. P. 65. The primary difference between the two is whether "all interested parties had an opportunity to participate, thus allowing for full presentation of relevant facts" and this difference affects the appealability of the resulting order. *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 426 (5th Cir. Unit A 1981). Here, counsel for Petitioner has informed counsel for Respondents via email that Petitioner was filing the instant motion for hearing. For the reasons that follow, the Court finds no need for a response.

Notably, the local civil rules for the Western District of Texas do not include a Rule 78.1. Furthermore, Fed. R. Civ. P. 65(b)(3) addresses expediting a preliminary-injunction hearing if the Court has issued a TRO without notice, which it has not done. Moreover, although Petitioner seeks

a TRO within his petition, the local rules of this Court state that any "application for a temporary restraining order or preliminary injunction shall be made in an instrument separate from the complaint." *See* W.D. Tex. Civ. R. 65. The petition filed in this habeas case is the functional equivalent of the complaint filed in a typical civil action. Consequently, Petitioner must file a separate motion for TRO if he seeks to properly present the matter to the Court for resolution. Without such a motion, the motion for hearing is premature and unnecessary. Accordingly, the Court **DENIES** the motion.

By separate order, the Court will order Respondents to file an answer to the petition. As stated in that separate order, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court will apply the Habeas Rules to the instant petition filed under 28 U.S.C. § 2241. Importantly, Habeas Rule 4 provides the Court with broad discretion to order respondents "to take other action the judge may order." Cognizant of that discretion, one matter warrants prompt attention here despite the denial of the motion for hearing.

As stated in the motion, Petitioner fears being transferred outside this District once Respondents realize that he has sought habeas relief. Petitioner provides a case citation to support finding that Respondents have done precisely that in similar cases in the last several weeks. At this point, the Court need not find that Respondents have engaged in such conduct in other cases. Given the stated fear in the context of this case, the Court hereby **ORDERS that the Government maintain Petitioner's current location of detention pending final resolution of this case through agreement of the parties or through judicial resolution. This order shall remain in effect until otherwise ordered by the Court**.

It is so ORDERED this 9th day of October 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

2